# EXHIBIT A



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

### ELECTRONICALLY FILED
### October 18, 2022 11:18 AM
### PAVAN PARIKH
### Clerk of Courts
### Hamilton County, Ohio
### CONFIRMATION 1243664

**MABELYN RAYFORD**

**vs.**

**SISTERS OF CHARITY OF CINCINNATI OHIO**

**A 2203782**

### FILING TYPE:  CLASSIFICATION
### PAGES FILED: 1

EFR200



| COURT OF COMMON PLEAS<br>HAMILTON COUNTY, OHIO | CLASSIFICATION FORM<br><br>WWW.COURTCLERK.ORG | AFTAB PUREVAL<br>CLERK OF COURTS |
|---|---|---|

**CASE NUMBER:**_____ **PLAINTIFF:** <u>Mabelyn Rayford</u>

**PURSUANT TO SUPERINTENDENCE RULE 4, THIS CASE WAS ORIGINALLY FILED AND DISMISSED**

**UNDER CASE NUMBER:**_____ **BY JUDGE** _____

## PLEASE INDICATE CLASSIFICATION INTO WHICH THIS CASE FALLS  (please only check one):

- [ ] **Other Tort – C360**
- [ ] **Personal Injury – C310**
- [ ] **Wrongful Death – C320**
- [ ] **Vehicle Accident – C370**

- [ ] **Professional Tort – A300**
- [ ] **Personal Injury – A310**
- [ ] **Wrongful Death – A320**
- [ ] **Legal Malpractice – A330**
- [ ] **Medical Malpractice – A340**

- [ ] **Product Liability – B350**
- [ ] **Personal Injury – B310**
- [ ] **Wrongful Death – B320**

- [ ] **Worker's Compensation**
- [ ] **Non-Compliant Employer – D410**
- [ ] **Appeal – D420**

- [ ] **Administrative Appeals – F600**
- [ ] **Appeal Civil Service – F610**
- [ ] **Appeal Motor Vehicle – F620**
- [ ] **Appeal Unemployment – F630**
- [ ] **Appeal Liquor – F640**
- [ ] **Appeal Taxes – F650**
- [ ] **Appeal Zoning – F660**

- [ ] **Certificate of Qualification – H600**

- [x] **Other Civil – H700-34**
- [ ] **Appropriation – H710**
- [ ] **Accounting – H720**
- [ ] **Beyond Jurisdiction –730**
- [ ] **Breach of Contract – 740**
- [ ] **Cancel Land Contract – 750**
- [ ] **Change of Venue – H760**
- [ ] **Class Action – H770**
- [ ] **Convey Declared Void – H780**
- [ ] **Declaratory Judgment – H790**
- [ ] **Discharge Mechanics Lien – H800**
- [ ] **Dissolve Partnership – H810**
- [ ] **CONSUMER SALES ACT (1345 ORC) – H820**
- [ ] **Check here if relief includes declaratory judgment, injunction or class action recovery – H825**
- [ ] **Habeas Corpus – H830**
- [ ] **Injunction – H840**
- [ ] **Mandamus – H850**
- [ ] **On Account – H860**
- [ ] **Partition – H870**
- [ ] **Quiet Title – H880**
- [ ] **Replevin – H890**
- [ ] **Sale of Real Estate – H900**
- [ ] **Specific Performance – 910**
- [ ] **Restraining Order – H920**
- [ ] **Testimony – H930-21**
- [ ] **Environmental – H940**
- [ ] **Cognovit – H950**
- [ ] **Menacing by Stalking – H960**
  - [ ] **] Repo Title – Transfer of Title Only – 970**
  - [ ] **] Repo Title – With Money Claim – H980**
- [ ] **Injunction Sexual Predator – 990**
- [ ] **SB 10 – Termination – H690**
- [ ] **SB 10 – Reclassification – H697**

**DATE:** <u>10/18/2022</u>

**ATTORNEY (PRINT):** <u>Brianna R. Miller</u>

**OHIO SUPREME COURT NUMBER:** <u>0097961</u>

Revised 01/02/2017



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

**ELECTRONICALLY FILED**
**October 18, 2022 11:18 AM**
**PAVAN PARIKH**
**Clerk of Courts**
**Hamilton County, Ohio**
**CONFIRMATION 1243664**

**MABELYN RAYFORD**                      A 2203782

### vs.
**SISTERS OF CHARITY OF**
**CINCINNATI OHIO**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND**

**PAGES FILED: 14**

EFR200

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MABELYN RAYFORD<br>7626 Bridgetown Rd.<br>Cincinnati, OH 45248 | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| SISTERS OF CHARITY OF CINCINNATI,<br>OHIO<br>5900 Delhi Rd.<br>Mt. St. Joseph, OH 45051 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| | ) | |
| **Serve Also:**<br>SISTERS OF CHARITY OF<br>CINCINNATI, OHIO<br>c/o Teres Dutcher, SC (Stat. Agent)<br>5900 Delhi Road<br>Mount St. Joseph, OH 45051 | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendant. | )<br>)<br>) | |

Plaintiff, Mabelyn Rayford, by and through undersigned counsel, as her Complaint against

the Defendant, states and avers the following:

## PARTIES

1. Rayford is a resident of the city of Minster, Auglaize County, Ohio.

2. Defendant SISTERS OF CHARITY OF CINCINNATI, OHIO ("Sisters") is a domestic non-

profit that conducts business within the state of Ohio.

3. The relevant location of the events and omissions of this Complaint took place was 5900 Delhi

Rd., Mt. St. Joseph, OH 45051.

4. Sisters is, and was at all times hereinafter mentioned, Rayford's employer within the meaning

of the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S. Code § 634, the

Americans with Disability Act ("ADA") 42 U.S.C. § 12101, R.C. § 4101 et seq., and R.C. § 4112 et seq.

5. Within 300 days of the adverse employment actions described herein, Rayford filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2022-00570 ("EEOC Charge").

6. On or about August 1, 2022, the EEOC issued and mailed the Notice of Right to Sue letter to Rayford regarding the EEOC Charge.

7. Rayford received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

8. Rayford has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

9. Rayford has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## JURISDICTION & VENUE

10. All of the material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

11. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

12. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

13. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

14. Rayford is a former employee of Sisters.

2

15. At all times noted herein, Rayford was qualified for her position(s) at Sisters.

16. At all times noted herein, Rayford could fully perform the essential functions of her job(s), with or without a reasonable accommodation.

17. Rayford worked for Sisters as a Cashier from July 2021 and as a Store Manager from March 2022, until Sisters unlawfully terminated Rayford's employment on or about May 6, 2022.

18. Rayford is age 61 and thus is in a protected class for her age. All other people mentioned herein are substantially younger than Rayford, upon information and belief.

19. Rayford is disabled due to her arthritis and anemia and thus is in a protected class for disability.

20. Defendant had notice of Rayford's protected classes during her employment.

21. Rayford worked for Sisters, ending as a Charge Nurse/Licensed Practical Nurse ("LPN"), from on or about October 9, 2017, until Sisters terminated her employment on or about January 13, 2022.

22. Rayford was hired after an interview with Theresa Cave (HR assistant) and Ron Swish (Director of HR).

23. Rayford's early employment was overall positive. She was consistently rated as a good performer and had no attendance issues.

24. On or about March 27, 2018, Rayford received her first write-up from Sisters citing that she had failed to provide a specific medication to a patient.

25. Rayford was the third nurse to see the patient after two shifts prior to hers.

26. Two other nurses on separate shifts (who are outside Rayford's protected classes, upon information and belief) had also failed to provide the patient the medication.

27. Only Rayford was disciplined for this failure to provide medications; the other two nurses disparately were not.

3

28. After the write-up, Rayford complained of discriminatory discipline to Angela Anderson (Director of Nursing) regarding the write-up. This was a protected complaint.

29. Anderson did not respond to Rayford's protected complaint.

30. On or about July 18, 2018, Rayford's son had legal issues.

31. Rayford asked Anderson if she could leave early to help out her son.

32. Anderson denied Rayford's request to leave early to help her son.

33. Disparately, Anderson let several employees outside Rayford's protected classes come in late and leave early for their children's issues, legal or not.

34. After Anderson's denial, Rayford complained to Anderson that she felt this denial was discriminatory as others outside her protected classes were allowed to leave to help their children. This was another protected complaint, and again, Anderson did not respond.

35. On or about January 7, 2019, Rayford worked with a temp-agent nurse, Nakia Johnson (LPN).

36. Johnson slept through most of her shift at Sisters, and Rayford had to wake her up to complete her work multiple times.

37. Rayford, tired of having to wake Johnson up to do her job, complained to Roe Flowers (nightshift supervisor/LPN) and left a voicemail with Anderson.

38. The following Monday, Anderson and Flowers called Rayford into a meeting and moved her from the floor she had been working on. They cited that Rayford was unable to handle the work on that floor.

39. Rayford pushed back, citing that Johnson, who is outside Rayford's protected classes, was sleeping on the job and was not being reprimanded for sleeping or for incompletion of work. This was another protected complaint of discrimination.

40. Anderson ignored the response and continued with the discipline against Rayford.

4

41. Rayford then complained to Ron Swish (Director of HR), citing she was being treated differently than her colleagues – another protected complaint.

42. Swish ignored Rayford's protected complaint and continued to blame her for Johnson's failures.

43. On or about June 12, 2019, Rayford was disciplined for allowing a patient go to a different floor at Sisters.

44. This patient had asked Rayford to direct her to the chapel, which Rayford did. Patients were allowed to visit the chapel during their stays at Sisters.

45. Flowers then reprimanded Rayford for allowing the patient to go to the chapel.

46. Disparately, other LPNs outside Rayford's protected classes were not disciplined for allowing patients to travel within Sisters' campus.

47. Rayford again complained of this disparate treatment to HR, but again her protected complaint was ignored.

48. On or about January 14, 2020, Rayford picked up an evening shift on behalf of another LPN.

49. Rayford called Julie Stearns (nightshift supervisor) thrice to tell her that she would have to leave by 6 AM to help her son in the morning.

50. Stearns did not allow Rayford to leave at 6 AM, despite that other LPNs outside Rayford's protected classes were allowed to leave early to help their children.

51. On or about June 8, 2020, Rayford received an email from Anderson stating that a patient was wet and needed to be changed. The patient also had had pillows propped next to her to prevent her from rolling out of bed.

52. Rayford asked why Anderson was mentioning this to her as she had not worked the overnight shift and was not dealing with the patient.

53. Rayford pointed out that the nightshift nurses were the ones helping the patient, not her.

54. Anderson tried to discipline Rayford this as well, but Rayford contested the discipline as she was not working that night. Anderson did not try to give false discipline to LPNs outside Rayford's protected classes.

55. On or about December 1, 2020, Sandy Vulker (LPN, outside Rayford's protected classes) texted a particularly nasty message to Rayford because Rayford had to call off a specific shift.

56. Rayford reported this message to Gale Fites (assistant Director of Nursing), who told Rayford to simply, "get over it."

57. Fites then reported Rayford to Anderson for the complaint. Anderson then reprimanded Rayford for the complaint by disallowing her to request help from other LPNs.

58. Disparately, Anderson did not prevent other LPNs outside Rayford's protected class from asking for help.

59. On or about May 27, 2021, Fites wrote Rayford up for leaving a patient wet overnight.

60. Rayford, knowing that her pushback had no useful result previously, signed the write-up, but complained that the day shift nurses (also outside Rayford's protected classes) were not disciplined for the same conduct. This was another protected complaint that, again, went nowhere.

61. On or about July 12, 2021, the nurses on the shift before Rayford's had allowed a patient to lay in her soiled bed for several hours.

62. Rayford again was disciplined for this, despite that she was not the person who let the patient stay in the soiled bed. Again, her similarly-situated colleagues were not disciplined for this inaction.

63. On or about January 3, 2022, Rayford fell ill. She took a rapid COVID-19 test, which returned negative.

64. Rayford gave notice of the test and symptoms to Anderson, who told her to go for a PCR test the following Wednesday (around five days later). Anderson required Rayford to PCR-test negative before being allowed to return to work.

65. On or about January 4, 2022, Anderson texted Rayford asking why she was not at work that day.

66. Rayford responded that Anderson had specifically disallowed her to come into work before a PCR test was completed and returned negative the day before.

67. Anderson told Rayford to come in anyway, but Rayford refused as she was waiting on her PCR test and wanted not to potentially infect Sisters' patients and employees – this was a protected complaint regarding workplace safety and public policy.

68. On or about January 12, 2022, Sisters terminated Rayford's employment.

69. The above facts demonstrate that Defendant engaged in a pattern and practice of age and disability discrimination.

70. The above facts demonstrate that Defendant engaged in a pattern and practice of unlawful retaliation.

71. There was a causal connection between Rayford's disability and Defendant's termination of Rayford.

72. As a result of Sisters's acts and omissions, Rayford has suffered, and will continue to suffer, damages.

## COUNT I: AGE DISCRIMINATION UNDER THE ADEA

73. Rayford restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Throughout her employment, Rayford was fully competent to perform her essential job duties.

75. Defendant treated Rayford differently than other similarly situated employees based on her age.

76. Defendant violated the ADEA by discriminating against Rayford due to her age.

77. Sisters terminated Rayford without just cause.

78. Alternatively, Defendant's cited reason for terminating Rayford's employment was pretext.

79. At all times material herein, similarly-situated younger employees were not terminated without just cause.

80. Defendant terminated Rayford based on her age.

81. Defendant violated the ADEA when it terminated Rayford based on her age.

82. Rayford suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADEA.

83. As a direct and proximate result of Defendant's conduct, Rayford has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: AGE DISCRIMINATION UNDER R.C. § 4112 et seq.

84. Rayford restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. Throughout her employment, Rayford was fully competent to perform her essential job duties.

86. Defendant treated Rayford differently than other similarly situated employees based on her age.

87. Defendant violated R.C. § 4112.02(A) et seq. by discriminating against Rayford due to her age.

88. Sisters terminated Rayford without just cause.

89. Alternatively, Defendant's cited reason for terminating Rayford's employment was pretext.

90. At all times material herein, similarly-situated younger employees were not terminated without just cause.

91. Defendant terminated Rayford based on her age.

92. Defendant violated R.C. § 4112.01 et seq. when it terminated Rayford based on her age.

93. Rayford suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 et seq.

94. As a direct and proximate result of Defendant's conduct, Rayford has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: DISABILITY DISCRIMINATION UNDER THE ADA

95. Rayford restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

96. Rayford is disabled, as described *supra*.

97. In the alternative, Defendant perceived Rayford as being disabled.

98. Rayford's condition constituted a physical impairment.

99. Rayford's condition substantially impaired one or more of his/her major life activities including working.

9

100. Defendant perceived Rayford's condition to substantially impair one or more of her major life activities including working.

101. Defendant treated Rayford differently than other similarly-situated employees based on her disabling condition.

102. Defendant treated Rayford differently than other similarly-situated employees based on her perceived disabling condition.

103. Defendant terminated Rayford's employment without just cause.

104. Defendant terminated Rayford's employment based her disability.

105. Defendant terminated Rayford's employment based her perceived disability.

106. Defendant violated the ADA when it discharged Rayford based on her disability.

107. Defendant violated the ADA when it discharged Rayford based on her perceived disability.

108. Defendant violated the ADA by discriminating against Rayford based on her disabling condition.

109. Defendant violated the ADA by discriminating against Rayford based on her perceived disabling condition.

110. Rayford suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA.

111. As a direct and proximate result of Defendant's conduct, Rayford suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT VI: DISABILITY DISCRIMINATION UNDER R.C. § 4112 et seq.**

112. Rayford restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

113. Rayford is disabled, as described *supra*.

10

114. In the alternative, Defendant perceived Rayford as being disabled.

115. Rayford's condition constituted a physical impairment.

116. Rayford's condition substantially impaired one or more of his/her major life activities including working.

117. Defendant perceived Rayford's condition to substantially impair one or more of her major life activities including working.

118. Defendant treated Rayford differently than other similarly-situated employees based on her disabling condition.

119. Defendant treated Rayford differently than other similarly-situated employees based on her perceived disabling condition.

120. Defendant terminated Rayford's employment without just cause.

121. Defendant terminated Rayford's employment based her disability.

122. Defendant terminated Rayford's employment based her perceived disability.

123. Defendant violated R.C. § 4112 when it discharged Rayford based on her disability.

124. Defendant violated R.C. § 4112 when it discharged Rayford based on her perceived disability.

125. Defendant violated R.C. § 4112 by discriminating against Rayford based on her disabling condition.

126. Defendant violated R.C. § 4112 by discriminating against Rayford based on her perceived disabling condition.

127. Rayford suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

128. As a direct and proximate result of Defendant's conduct, Rayford suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

11

## COUNT V: RETALIATORY DISCRIMINATION

129. Rayford restates each and every prior paragraph of this complaint, as if it were fully restated herein.

130. As a result of the Defendant's discriminatory conduct described above, Rayford complained about the disability discrimination she was experiencing.

131. Subsequent to Rayford reporting of disability discrimination to her supervisor and employer, Rayford's employment was terminated.

132. Defendant's actions were retaliatory in nature based on Rayford 's opposition to the unlawful discriminatory conduct.

133. Pursuant to R.C. §4112.02(I) and the ADEA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

134. Rayford suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADEA and R.C. § 4112.01 *et seq*.

135. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Rayford, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Rayford demands from Defendant the following:

    a) Issue a permanent injunction:

        i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

        ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

      iii.    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

      iv.    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

      v.    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Rayford's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Rayford for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Rayford's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,


__/s/ Evan R. McFarland_____
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
      Trial Attorney
Brianna R. Carden (0097961)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

*Attorneys for Plaintiff Mabelyn Rayford*


### JURY DEMAND

Plaintiff Mabelyn Rayford demands a trial by jury by the maximum number of jurors permitted.


__/s/ Evan R. McFarland_____
Evan R. McFarland (0096953)

14



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

### ELECTRONICALLY FILED
### October 18, 2022 11:18 AM
### PAVAN PARIKH
### Clerk of Courts
### Hamilton County, Ohio
### CONFIRMATION 1243664

**MABELYN RAYFORD**

**A 2203782**

**vs.**

**SISTERS OF CHARITY OF CINCINNATI OHIO**

**FILING TYPE: WRITTEN REQUEST FOR SERVICE (CERTIFIED MAIL)**

**PAGES FILED: 1**

EFR200

Print

# Common Pleas Court of Hamilton County, Ohio Clerk of Courts

# INSTRUCTIONS FOR SERVICE

Mabelyn Rayford
PLAINTIFF(S)

Vs.

CASE NO.

Sisters of Charity of Cincinnati, Ohio
DEFENDANT(S)

### TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:

CERTIFIED MAIL SERVICE ✔     ORDINARY MAIL SERVICE___

PERSONAL SERVICE BY THE SHERIFF OF _____ COUNTY ___

RESIDENCE SERVICE BY THE SHERIFF OF _____ COUNTY ___

PERSONAL SERVICE BY PROCESS SERVER___

RESIDENCE SERVICE BY PROCESS SERVER___

**OF THE FOLLOWING DOCUMENTS**: Timestamped Complaint

**UPON:**

| | |
|---|---|
| Sisters of Charity Of Cincinnati Ohio | Sisters of Charity Of Cincinnati Ohio |
| (NAME #1) | (NAME #2) |
| 5900 Delhi Rd. | c/o Teres Dutcher, SC (Stat. Agent) |
| (ADDRESS) | (ADDRESS) |
| | 5900 Delhi Road |
| Mt. St. Joseph, OH 45051 | Mount St. Joseph, OH 45051 |
| (CITY—STATE—ZIP CODE) | (CITY—STATE—ZIP CODE) |
| (NAME #3) | (NAME #4) |
| (ADDRESS) | (ADDRESS) |
| (CITY—STATE—ZIP CODE) | (CITY—STATE—ZIP CODE) |

Brianna R. Miller 0097961                     11260 Chester Rd, Suite 825, Cincinnati, OH 45246
**Attorney Name and Supreme Court I.D. No.**      **Address, City, State, Zip Code**

216-291-4744
**Phone Number**

Reset



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

**ELECTRONICALLY FILED**
**October 18, 2022 11:18 AM**
**PAVAN PARIKH**
**Clerk of Courts**
**Hamilton County, Ohio**
**CONFIRMATION 1243664**

**MABELYN RAYFORD**

A 2203782

**vs.**
**SISTERS OF CHARITY OF**
**CINCINNATI OHIO**

## FILING TYPE:  FILING
## PAGES FILED: 5

EFR200

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Louisville Area Office**
600 Dr. Martin Luther King, Jr Place, Suite 268
Louisville, KY 40202
(502) 694-3940
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/01/2022

**To:** Ms. Mabelyn K. Rayford
7626 BRIDGETOWN RD
WESTWOOD AREA 2, OH 45248

Charge No: 473-2022-00570

EEOC Representative and email:   Alan Anderson
Director
alan.anderson@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 473-2022-00570.

On behalf of the Commission,

Digitally Signed By:Michelle Eisele
08/01/2022

Michelle Eisele
District Director

---

**Cc:**
Kathy  Kenkel
5900 Bender Road
Mt St Joseph, OH 45051


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 473-2022-00570 to the District Director at Michelle Eisele, 1010 West Ohio St Suite 1900

Indianapolis, IN 46204.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

Enclosure with EEOC Notice of Closure and Rights (01/22)

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

```
                          COURT OF COMMON PLEAS
                          HAMILTON COUNTY, OHIO
```

MABELYN RAYFORD
   **PLAINTIFF**

                                              Use below number on
                                              all future pleadings

      -- vs --

                                              No.  A 2203782
                                                   SUMMONS
SISTERS OF CHARITY OF CINCINNA
      **DEFENDANT**

      SISTERS OF CHARITY OF CINCINNATI OHIO
      5900 DELHI RD                          D - 1
      MT ST JOSEPH OH 45051


You are notified
that you have been named Defendant(s) in a complaint filed by

      MABELYN RAYFORD
      7626 BRIDGETOWN RD
      CINCINNATI OH 45248

                                                   Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**PAVAN PARIKH, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney          PAVAN PARIKH
BRIANNA CARDEN                        Clerk, Court of Common Pleas
11260 CHESTER RD                        Hamilton County, Ohio
CINCINNATI        OH       45246

                                      By  RICK HOFMANN
                                                    Deputy


                                      Date:   October 19, 2022


D136355094

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


MABELYN RAYFORD
**PLAINTIFF**

Use below number on
all future pleadings

-- vs --

No.  A 2203782
SUMMONS

SISTERS OF CHARITY OF CINCINNA
**DEFENDANT**

SISTERS OF CHARITY OF CINCINNATI OHIO
% TERES DUTCHER SC STAT AGENT          D - 1
5900 DELHI RD
MT ST JOSEPH OH 45051


You are notified
that you have been named Defendant(s) in a complaint filed by

MABELYN RAYFORD
7626 BRIDGETOWN RD
CINCINNATI OH 45248

Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**PAVAN PARIKH, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney          PAVAN PARIKH
BRIANNA CARDEN                        Clerk, Court of Common Pleas
11260 CHESTER RD                        Hamilton County, Ohio
CINCINNATI        OH        45246

By  RICK HOFMANN
Deputy

Date:   October 19, 2022


D136355382

Case: 1:22-cv-00629-SJD-SKB Doc #: 1-3 Filed: 10/24/22 Page: 29 of 29 PAGEID #: 37
ELECTRONICALLY FILED - SERVICE RETURN
SUMMONS & COMPLAINT
A 2203782    D1
SISTERS OF CHARITY OF CINCINNATI OHIO
FILED: 10/24/2022  6:51:04

**POSTAL SERVICE**

Date Produced: 10/24/2022

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0973 3139. Our records indicate that this item was delivered on 10/21/2022 at 09:58 a.m. in CINCINNATI, OH 45233. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        17428566SEQ1